UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL JOSE PORTILLO-MARQUEZ,

    Plaintiff,

v.                                             CASE NO: 8:13-cv-1040-T-26MAP

UNITED STATES OF AMERICA,

    Defendant.
_____/

## O R D E R

Plaintiff, proceeding *pro se*, has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. An attachment to his motion reflects he delivered the motion to prison officials on April 15, 2013. The Court will therefore deem the motion filed on that date under the prison mail box rule.

A review of the underlying criminal case reflects that Plaintiff appealed his judgment of conviction and resulting sentence, and the Eleventh Circuit Court of Appeals affirmed on February 11, 2008.[1] Even after taking into account the ninety days he had to seek certiorari to the United States Supreme Court following the Eleventh Circuit's affirmance, Plaintiff's motion, filed more than four years after his judgment of conviction became final under 28 U.S.C. § 2255(f)(1), is clearly time-barred. Moreover, to the

---

[1] See case number 8:07-cr-751-T-26MSS, docket 109 (reported at 264 Fed.Appx. 873 (11th Cir. 2008) (unpublished).

extent he is relying on the recent opinion of the Eleventh Circuit in <u>United States v. Bellaizac-Hurtado</u>, 700 F.3d 1245 (11th Cir. 2012), in which the Eleventh Circuit held that Congress exceeded its authority in proscribing conduct in the territorial waters of Panama under the Maritime Drug Law Enforcement Act, 46 U. S. C. §§ 70503(a) and 70506, that case offers him no relief because as reflected in the Notice of Factual Basis filed in the underlying criminal case, he was apprehended "at geo-coordinates 10-15N, 87-25W, in international waters in the Eastern Pacific Ocean."[2]

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate (Dkt. 1) is **denied**. Additionally, the Court declines to issue a certificate of appealability because Plaintiff has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court allow Plaintiff to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3). Instead, Plaintiff will be required to pay the full amount of the appellate filing fee pursuant to 28 U.S.C. §§ 1915(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on April 22, 2013.

       s/*Richard A. Lazzara*
       **RICHARD A. LAZZARA**
       **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Plaintiff, *pro se*

---

[2] <u>See</u> case number 8:07-cr-75-T-26MAP, docket 37, page 2.